IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RENE NAVARRO,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

_____/

## COMPLAINT

Plaintiff, Rene Navarro, by and through undersigned counsel, sues Defendant, United States of America, and alleges:

1.     This action arises under the Federal Tort Claims Act, 28 U.S.C. §1346.

2.     This is a claim against the United States of America for money damages for medical malpractice caused by the negligence or wrongful acts or omissions of employees, agents, and servants of the Bureau of Prisons Health Services at the Federal Detention Center Miami (hereinafter "FDC Miami"), located at 33 NE 4th Street, Miami, FL 33132.

3.     At all times material herein Plaintiff, Rene Navarro, was and is a resident of Miami-Dade County, Florida.

4.     At all times material herein, Plaintiff Rene Navarro, was incarcerated at FDC Miami.

5.     At all times material herein Defendant, United States of America, by and through the United States Department of Justice, owned and/or operated the Federal Bureau of Prisons, and FDC Miami.

6.      At all times material herein Defendant, United States of America, by and through the United States Department of Justice, owned and/or operated the Bureau of Prisons Health Services, which undertook the duty to render medical care to individuals who were incarcerated at FDC Miami, including Plaintiff, Rene Navarro.

7.      At all times material herein Plaintiff has complied with the requirements of 28 U.S.C. §2401 by presenting an administrative claim under the Federal Tort Claims Act which was received by the United States Department of Justice and Federal Bureau of Prisons. Plaintiff's claim was neither accepted nor denied within the 6 month period following presentation of the administrative claim, and no written adjudication or final determination has been made. A copy of the Administrative Claim for Damage, Injury, or Death is attached to this Complaint as Exhibit "A".  A copy of the Acknowledgement of Receipt of Claim by the United States Department of Justice and the Federal Bureau of Prisons is attached to this Complaint as Exhibit "B".

8.      On November 16, 2018, Kender Archer, M.D. enrolled Plaintiff, Rene Navarro, into the Diabetes Clinic at FDC Miami for medical management and supervision.

9.      On February 7, 2019, Rene Navarro noticed his right ankle was swollen with redness and had difficulty walking on his right foot.

10.      On February 8, 2019, Dr. Archer examined Plaintiff, Rene Navarro and diagnosed him with cellulitis, documenting tenderness, erythema, redness associated with a wound, and scaling legions.

11.      On February 11, 2019, Plaintiff, Rene Navarro, was seen by Robert McKittrick, M.D., who describes the following:

> Right foot has two (2) wounds…
> #1) on the posterior right heal, open wound is linear (0.5"), with a
> 1-1.5" callous border circumferentially surrounding it.

2

#2) on the inferior right heal, open wound is "Y" shaped (0.5" x 0.25") with a 1.25 – 2.0" callous border circumferentially surrounding it.

12. Moreover, the neuro exam was abnormal for the right foot, and the diagnosis at that time was severe diabetic foot ulcers.

13. Dr. McKittrick ordered a podiatry consult, scheduled for February 13, 2019, described as "Priority: Urgent." This podiatry consult did not happen.

14. Thereafter, Plaintiff, Rene Navarro continued to follow-up with the medical staff for his worsening right foot condition.

15. On February 15, 2019, the medical staff explained to Plaintiff, Rene Navarro that they were planning to transfer him to a hospital for further evaluation and medical care and treatment. That did not occur.

16. On February 18, 2019, Plaintiff, Rene Navarro, was told he was being transferred to Coleman Federal Correction Complex outside of Orlando, Florida, and would be taken to a hospital in Orlando for further evaluation and medical care and treatment. That did not occur.

17. On February 22, 2019, Rene Navarro was again told that they were transferring him to Coleman and would be taken to a hospital in Orlando for further evaluation and medical care and treatment. That did not occur.

18. On February 25, 2019, Dr. McKittrick, informed Rene Navarro that the podiatry consult, originally scheduled for February 13, 2019, was being rescheduled and should occur in the next few days.

19. On February 26, 2019, Rene Navarro was finally transferred to the Coleman Federal Correction Complex. Upon transfer, Rene Navarro was evaluated by Karen Mercado, RN who documents the following:

Subjective:  New Intake from Miami today.  Has necrotic wound on right heel.  Ambulating with difficulty.

Exam: Skin:  Wounds present.  Full thickness, Necrotic Tissue, Drainage, Serous Drainage.

Exam Comments: Right heel wound measures as 2.5 cm from border to border.  Black and dry in center of wound with surrounding black and reddened tissue.  Slight swelling.  Scant serous drainage.

20.    On February 28, 2019, Dr. Bonnet-Engebretson, M.D. evaluated Rene Navarro and documented the following:

Inmate presenting with right ankle non healing ulcerated diabetic ulcer, with gangrene crater area x 2, first ulcer approximate 3-3 cm, and 2 depth, and small one 2 cm, with 1 depth., scanty bleeding, large erythematous skin discoloration.  Inmate unable to ambulating, current wheelchair bound.  Inmate said he had the fool/ankle ulcer x 3 weeks, he was treated previously with antibiotic and debridement.  PE: Presenting, sluggishness, loss appetite, anemia, and fever.  Rt. foot ulcer review, and dressing was change.

Plan: transfer to PROMISE hospital for a Podiatry, and general surgeon evaluation, suspect possible osteomyelitis of the rt. ankle heel.  Promise hospital/Dr. Stephenson contacted, and has a bed available. Inmate will be transfer by gov. vehicle, direct admission.

21.    On February 28, 2019, Rene Navarro was admitted to Promise Hospital.  The medical workup at Promise Hospital suspected osteomyelitis.

22.    On March 8, 2019, Rene Navarro was transferred and admitted to Leesburg Regional Medical Center with a diagnosis of osteomyelitis.

23.   At Leesburg Regional Medical Center Rene Navarro was seen by infectious disease and vascular surgery, who determined the right foot was not salvageable.

24.   On March 15, 2019, Rene Navarro underwent a below knee amputation on his right leg.

25.   At all times material herein Defendant, United States of America, by and through its employees, agents, and servants, owed Rene Navarro a duty to provide medical care and treatment in accordance with the prevailing professional standards of medical care and treatment recognized as acceptable and appropriate by reasonably prudent similar health care providers in the same or similar community.

26.   At all times material herein Defendant, United States of America, by and through its employees, agents, and servants, negligently breached its duty to Rene Navarro by failing to provide medical care and treatment in accordance with the prevailing professional standards of care.

27.   Specifically, the Defendant, United States of America, by and through Dr. Archer, Dr. McKittrick, and the Bureau of Prisons Health Services medical staff at FDC Miami, negligently breached its duty to Rene Navarro in the following ways:

   a. Failing to procure and follow through with the February 13, 2019, podiatry consult;

   b. Failing to timely transfer Mr. Navarro to a hospital for appropriate care and treatment of his worsening right foot condition;

   c. Failing to provide adequate wound care, such that the right foot was caused to become necrotic;

   d. Failing to order a vascular consultation; and

e.   Delaying the appropriate treatment for Rene Navarro's right leg.

28.   As a direct and proximate result of the negligence of Defendant, United States of America, by and through its employees, agents, and servants, Plaintiff Rene Navarro suffered a right, below knee amputation.

29.   As a further direct and proximate result of the negligence of Defendant United States of America, by and through its employees, agents, and servants, Plaintiff Rene Navarro was caused injury, loss and damage that was catastrophic in nature, and that resulted in pain and suffering, mental anguish, disability and physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life, and medical expenses. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Rene Navarro sues Defendant, United States of America, and demands judgment for damages against Defendant for the medical malpractice of Rene Navarro. DATED October 14, 2021.

**Attorneys for Plaintiff(s)**
**GOLD & GOLD, P.A.**
Dadeland Centre I, Suite 1216
9155 S. Dadeland Boulevard
Miami, FL 33156
Telephone:   (305) 567-2525
Facsimile:   (305) 567-2575
Email Service: pleadings@goldlawpa.com;
pgold@goldlawpa.com

By: _____
Philip A. Gold, Esquire
Florida Bar No.:  0032550